**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARY TOOLES,**

      **Plaintiff,**

**-vs-**              Case No.  6:05-cv-1757-Orl-19DAB

**SAFECO INSURANCE COMPANY OF AMERICA,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. No. 38)**
>
> **FILED:**   **September 29, 2006**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

   Plaintiff filed suit against Defendant insurer Safeco Insurance Company of America ("Safeco") for claims arising out of the Plaintiff's policy insuring her home in Casselberry, Florida, which was damaged by fire on March 21, 2005.  Doc. No. 2.

The fire at Plaintiff's property occurred on March 21, 2005. Doc. No. 30 ¶ 4. Sometime thereafter, Plaintiff notified Safeco of the loss. Doc. No. 30 ¶ 6. Safeco did not contest coverage, but disagreed as to the amount of Plaintiff's loss. Plaintiff presented Safeco with a claim of $236,160 for dwelling repairs, $607 for other structures, $117,974 for personal property and $1,195 per month for additional living expenses along with a claim for furniture rental of $834.[1] Doc. No. 43 ¶ 2. Safeco paid to Plaintiff $105,108 for the dwelling, plus $76,572 for personal property and $13,169 for additional living expenses. Doc. No. 43 ¶ 3. On August 19, 2005, Plaintiff made a written demand for appraisal pursuant to the policy and notified Safeco of her choice of appraiser. Doc. No. 43 ¶ 4-5. Safeco failed to notify Plaintiff of its selected appraiser within twenty days (by September 8, 2006) and failed to comply with other policy conditions. Doc. No. 38 ¶ 5. Plaintiff then contacted counsel in September 2005. Doc. No. 45 ¶6. Plaintiff filed suit on October 27, 2005. Doc. No. 2. On December 14, 2005, the parties entered in their first joint stipulation to abate the matter pending appraisal. Doc. No. 13. On May 12, 2006, a partial appraisal decision was rendered for $88,819 for the dwelling and personal property claims. Doc. No. 43 ¶ 7. On July 5, 2006, Safeco paid Plaintiff $88,819. Doc. No. 43 ¶ 8. After amending her complaint on June 28, 2006 to add a claim for additional living expenses, the parties stipulated to a second abatement pending completion of the appraisal (Doc. No. 33) and on August 26, 2006, an award was made on Plaintiff's remaining claims in the amount of $30,035. Doc. No. 42 ¶ 12. After reviewing a Joint Status Report that indicated an appraisal award was issued on August 29, 2006 and Safeco intended to issue payment (*see* Doc. No. 30), Chief Judge Fawsett ordered the parties to show cause whether the case should be dismissed with

---

[1] Plaintiff's Policy with Safeco required that she "submit to [Safeco], within 60 days after we request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief . . . an inventory of damaged personal property described." Doc. No. 1 (Policy) at 27.

prejudice. Doc. No. 36. Although Safeco did not respond, Plaintiff filed a response (Doc. No. 37) contending that the case should not be dismissed because her motion for attorney's fees was still pending. The affidavit in support and the billing summary were filed on October 17, 2006. Doc. No. 45. No final judgment or decree has been entered by this Court and Plaintiff has not sought to have the appraisal award confirmed.

Plaintiff seeks fees of $5,130.00 for 21 hours spent litigating the matter. Under Florida law, attorney's fees may be awarded against an insurer following "a judgment or decree." Section 627.428, Florida Statutes (1996), provides in pertinent part:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insureds or beneficiaries attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428. However, the actual rendition of an order or decree is not required to trigger an insured's entitlement to attorney's fees under the statute. The Supreme Court of Florida has ruled that the purpose of Florida Statute §627.428 (and its predecessor) is to discourage the contesting of valid claims by insurance companies and to reimburse successful insureds for their attorney fees when they are compelled to defend or sue to enforce their insurance contracts. *Insurance Company of North America v. Lexow*, 602 So.2d 528 (Fla. 1992). The Statute penalizes insurers for wrongfully causing its insureds to resort to litigation to resolve a conflict. *Leaf v. State Farm Mutual Automobile Insurance Co.*, 544 So.2d 1049 (Fla. 4th DCA 1989); *Government Employees Insurance Company v. Battaglia*, 503 So.2d 358 (Fla. 5th DCA 1987). Florida courts have held that, in certain circumstances, payment of the claim is the functional equivalent of a confession of judgment or

verdict in favor of the insured; reasoning that the insurance company should not be able to avoid the statutory provision by merely waiting until suit is filed before paying proceeds. *Mercury Insurance Co. v. Cooper,* 919 So. 2d 491, 492-93 (Fla. 3rd DCA 2005). When an insurer makes payment of a claim after suit is filed, but before a judgment is rendered, such payment operates as a confession of judgment, entitling the insured to an attorney's fee award. *Ivey v. Allstate Ins. Co.,* 774 So.2d 679, 684-85 (Fla. 2000); *Magnetic Imaging Systems, I, Ltd. v. Prudential Property & Cas. Ins. Co.,* 847 So.2d 987, 989 (Fla. 3DCA 2003)

Further, "a trial court has no discretion to deny reasonable attorney's fee to the prevailing plaintiff where the insurance company first disputes the claim and then settles the case after a lawsuit is filed." *Amador v. Latin American Property and Casualty Insurance Company,* 552 So.2d 1132, 1133 (Fla. 3d DCA1989); *Losicco v. Aetna Casualty & Surety Company*, 588 So.2d 681 (Fla. 3d DCA1991). Thus, the law is clear that if Plaintiff was compelled to sue because the insurance company wrongfully caused her to resort to litigation, fees must be awarded if the policy is paid after suit.

In this case, under the terms of the Policy, either party could make written demand for an appraisal of the loss and the other party had twenty days within which to notify the other party of the appraiser selected. Doc. No. 1 at 29. It is clear that Safeco never disputed coverage, but it is unclear from the documents filed whether Safeco had paid anything on the claim before suit was filed; the Complaint pleads only that Safeco had failed to "properly pay," but it appears that the insurer had made payments to Plaintiff of $194,849 prior to the time Plaintiff invoked her appraisal right under the Policy on August 19, 2006. Indeed, Plaintiff does not identify specifically when the various claims were due and payable.

However, it is undisputed that Safeco did not timely designate its appraiser at the expiration of the twenty-day limit, by September 8, 2006, which is what led Plaintiff to file suit on October 27, 2006. In what can only be described as extremely misleading to the Court, in prior pleadings (Doc. No. 3), Safeco either completely misquoted the language of the relevant Appraisal Section from the Policy, omitting the required twenty-day deadline for selection of an appraiser or quoted a completely irrelevant and different insurance policy for a different insured. *See* Doc. No. 3. Regardless of whether through misrepresentation or negligence, Safeco managed to obfuscate the twenty-day deadline (that it had missed) required for it to name an appraiser in its pleadings to the Court. The Court reads this obfuscation adversely to Safeco's argument that the only purpose of the suit was to "generate and receive an award of attorney's fees." Doc. No. 43 ¶ 21. Based on the record before the Court, it took Safeco approximately four months (August to December 2005) to become a participant in the appraisal process, when it was only allowed twenty days to do so under the Policy. The Court will not reward Safeco's feet-dragging (and misciting of the Appraisal section) to deny Plaintiff reasonable attorney's fees for seeking judicial intervention in a process Safeco held up.

This Court's decision in *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp.2d 1286 (M.D. Fla. 2006) is readily distinguished. In *Tristar*, for several different categories of claims, and arising from two separate hurricanes, the insurer consistently and promptly processed the plaintiff's claims within the time periods set forth in the policy. *Id.* at 1296-97. "At the time this defendant was sued, it had already paid well over a million dollars on the building claim, hundreds of thousands of dollars on other claims, and was in the process of adjusting the remaining claims." *Id*. at 1295. Safeco may have tendered the amount it believed it owed initially to Plaintiff, but it was clearly not "in the process of adjusting" the claim, and in fact did not participate in the appraisal process – for

at least five weeks past its deadline and at least seven weeks after suit was filed. Once the appraisals were completed, Plaintiff recovered more than $90,000 in policy benefits. Doc. No. 38 ¶ 10. Plaintiff is entitled to recover her reasonable attorney's fees and costs.

Plaintiff's counsel litigated the case on behalf of Plaintiff from September 12, 2005, accruing 21 hours in the process: Mr. Tyler 13.2 hours and his former associate, Karen Millard, 7.8 hours. Ms. Millard's hourly rate is $150 and Mr. Tyler's is $300, which amounted total fees incurred of $5,130. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 22, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy